The opinion and decree herein handed down were concurred in by only four of the Justices, viz., Justices ROGERS, OVERTON, ST. PAUL, and THOMPSON; the CHIEF JUSTICE and Justices LAND and BRUNOT dissenting therefrom.
The Pure Oil Company, one of the defendants, has moved to vacate and set aside the decree so rendered on the ground that Mr. Justice THOMPSON, one of the Justices concurring in said decree, was disqualified to take part in the case, thus leaving the court evenly divided and the decree void for want of concurrence therein by the number of justices required by law. Const. 1921, art. 7, § 4, p. 36.
The reason assigned for the disqualification of Mr. Justice THOMPSON is that Hon. Wood H. Thompson, Assistant Attorney *Page 348 
General of the state, who represented the state in this litigation, is the son of Justice THOMPSON, and that Act 203 of 1918, p. 380, amending article 338 of the Code of Practice, and repealing Act 35 of 1882, provides that one of the causes for which a judge or justice of the peace may be recused shall be: "(6) His being the father, brother, or son of any one of the attorneys employed in the case."
Where a party litigant invokes the strict legal rule as to recusation, this court must, of course, yield to the rigid provisions of the law. Beaulieu v. Furst, 2 La Ann. 46, 52, 53.
But such provisions must be applicable; and the statute above quoted has no application where the father, brother, or son of a judge is simply a public officer representing the state or a public body by virtue of his said office. Such an officer is notan attorney employed in the case; he is only exercising the functions imposed upon him by law, and appears before the courtnot as an attorney at law, but as an officer discharging his duty of representing the state or a public body before the courts.
True, such an officer is usually required as part of his qualifications to be a licensed attorney at law, but not always. See La. Const. 1868, art. 92. And in State ex rel, Duffel v. Marks, 30 La. Ann. 97, 113, where this court was sharply divided on the decree and all the judges assigned separate reasons for concurring or dissenting, yet they were unanimous in holding that one who had legitimately acted as district attorney without being a licensed attorney at law, had not thereby been "practicing law" (as an attorney at law) during that period. See Const. 1868, art. 84.
Our conclusion is that a judge is not required, or permitted, to recuse himself in a case wherein his father, brother, or son appears before him in his capacity of public officer representing the state or a public body; that such an officer is not "an attorney *Page 349 
employed in the case," within the meaning of the act above mentioned.
The motion to vacate is therefore denied.
THOMPSON, J., takes no part.
 On Rehearing.